```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DAVID BELTON,

                    Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       13-CV-4045(JS)(WDW)

SUFFOLK COUNTY, SUFFOLK COUNTY
DISTRICT ATTORNEY, LONG ISLAND
BAR ASSOCIATION, SUFFOLK COUNTY
LEGAL AID SOCIETY, and SUFFOLK
COUNTY ATTORNEY GRIEVANCE
COMMITTEE,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     David Belton, pro se
                   637060
                   Suffolk County Correctional Facility
                   110 Center Drive
                   Riverhead, NY 11901

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On July 3, 2013, incarcerated pro se plaintiff David Belton ("Plaintiff"), filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 against defendants Suffolk County, the Suffolk County District Attorney, the Long Island Bar Association, the Suffolk County Legal Aid Society, and the Suffolk County Attorney Grievance Committee (collectively, "Defendants"). Accompanying the Complaint was an application to proceed in forma pauperis. Because Plaintiff's financial status, as set forth in his declaration in support of his application to proceed in forma pauperis, qualifies him to file the Complaint without prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), his application to proceed in forma

pauperis is GRANTED.

However, as explained below, Plaintiff's Complaint is conclusory and is therefore sua sponte DISMISSED, with leave to amend, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).

BACKGROUND[1]

Initially, the Court notes that the Complaint is difficult to decipher. As best the Court can discern, the Complaint generally states that the Defendants denied Plaintiff his right to due process by, inter alia, waiving felony exams, holding fraudulent grand jury proceedings, and issuing improper indictments, "leaving the accused unable to prepare 'any' type of defense," for the purpose of monetary gains. (Compl. ¶¶ 4, 6, 13.) The Complaint further asserts that bail for minorities is being set higher than bail for their "majority counterparts," and that attorneys "deny 6th Amendment right to effective counsel." (Id. ¶¶ 7-8.) It also states that the Suffolk County Attorney Grievance Committee and the Suffolk County Bar Association failed to address unspecified grievances regarding unidentified attorneys, and that the District Attorney failed to investigate alleged law enforcement improprieties. (Id. ¶¶ 9, 14.)

Plaintiff seeks to recover $700,000,000 for the following

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum & Order.

2

injuries:

> 15. Maliciously and sadistically for the very purpose of causing harm; intent to inflict needless injury.
>
> 16. Conduct motivated by evil and intent, it involves reckless callous indifference to the rights of others.
>
> 17. Outrageous abuse of power and authority.
>
> 18. Racial discrimination.
>
> 19. Gross negligence in supervising subordinates.
>
> 20. Injuries, pain and suffering accompanying an extended period of prosecution.
>
> 21. Psychological trauma, induced by the improper exercise of the police and prosecutorial apparatus.

(Id. ¶¶ 15-21.)

## DISCUSSION

I. Application to Proceed In Forma Pauperis

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). As such, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

A district court is required to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails

to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i-iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b). Because courts are obliged to construe the pleadings of a pro se plaintiff liberally, the Court interprets a pro se plaintiff's papers to "raise the strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F. 3d 471, 474 (2d Cir. 2006) (internal quotation marks and citation omitted).

A.  Rule 8 of the Federal Rules of Civil Procedure

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under the now well-established Iqbal/Twombly standard, a complaint satisfies Rule 8 only if it contains enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. V. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); Iqbal, 556 U.S. at 678. This "plausibility standard" is governed by "[t]wo working principles." Iqbal, 556 U.S. at 670, 678; accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal,

4

556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 (a pleading that offers "labels and conclusion" or "naked assertion[s]" devoid of "further factual enhancement" does not satisfy Rule 8). Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

Here, Plaintiff's allegations do not satisfy Rule 8. Plaintiff makes broad, conclusory accusations against the Defendants that are wholly devoid of any factual support. In fact, much of his Complaint is simply a recitation of legal jargon; it includes no facts to support his general allegations, much less an explanation as to whether or how Defendants' alleged actions pertain to him. See Bigio v. Coca-Cola Co., 675 F.3d 163, 173-74 (2d Cir. 2012) (dismissing claims comprised of "threadbare recitals of the elements" and "conclusory statements" (internal quotation marks and citation omitted)); Polur v. Raffe, 912 F.2d 52, 56 (2d Cir. 1990) (dismissing claims where plaintiff failed to "provide a factual basis for his claim"). Therefore the Complaint fails to state a cause of action upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

B. Standing

Further, it is unclear whether Plaintiff has standing to

5

seek relief for the alleged wrongs committed by Defendants. Article III, Section 2 of the United States Constitution requires that a person have standing in order to invoke the jurisdiction of the federal courts. See Summers v. Earth Island Inst., 555 U.S. 488, 492-93, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009). A plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 474, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982); Amnesty Int'l USA v. Clapper, 667 F.3d 163, 171 (2d Cir. 2011) ("The critical inquiry for standing is whether the plaintiffs are simply citizens with an abstract claim that some action was unlawful, or whether they, in some particular respect not shared by every person who dislikes the action, are injured by that action."). The doctrine of standing involves "both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." Kowalski v. Tesmer, 543 U.S. 125, 128, 125 S. Ct. 564, 160 L. Ed. 2d 519 (2004) (internal quotation marks and citation omitted). The standing requirement prevents the federal courts from deciding questions of public importance where other governmental institutions may be the appropriate venue to address those questions. See Warth v. Seldin, 422 U.S. 490, 500, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975).

In order for a plaintiff to establish standing, he must

allege that he suffered "an injury in fact," that the "injury is fairly traceable" to the defendant's action, and that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000) (internal quotation marks and citation omitted).  At a minimum, this "requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.'"  Cooper v. U.S. Postal Serv., 577 F.3d 479, 489 (2d Cir. 2009) (quoting Valley Forge, 454 U.S. at 472).  The "injury in fact" must be "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."  Friends of the Earth, 528 U.S. at 180.  In addition, "there must be a causal connection between the injury and the conduct complained of," and it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) (internal quotation marks and citation omitted).

Here, Plaintiff complains that Defendants are denying his due process rights.  However, Plaintiff has not alleged that "he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant."

7

Cooper, 577 F.3d at 489 (internal quotation marks and citation omitted). The Court cannot discern from the ambiguous language of the Complaint whether Plaintiff is bringing this action based on some personal injury he suffered, or whether he is only alleging a generalized grievance about the rights of all accused persons in Suffolk County and/or New York State. Plaintiff is cautioned that without standing, the Court cannot address his Complaint.

## CONCLUSION

Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff's Complaint is sua sponte DISMISSED with leave to replead. Failure to file an amended complaint within thirty (30) days from the date of this Order will result in the dismissal of Plaintiff's Complaint with prejudice. No summonses shall issue at this time.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Dated: October __23__, 2013    JOANNA SEYBERT, U.S.D.J.
      Central Islip, New York